UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES )<br>INTERNATIONAL UNION NATIONAL )<br>INDUSTRY PENSION FUND, *et al.*, )<br>  ) <br>    **Plaintiffs,** )<br>  )<br>v. )<br>  )<br>DANMARK SECURITY, L.L.C. )<br>  )<br>    **Defendant.** ) | Civil Action No. 05-1349 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT**

Plaintiffs Service Employees International Union National Pension Fund and its Board of Trustees are entitled to judgment by default against Defendant Danmark Security in the amount of $3,629.95 for the following reasons:

**Background**

1. This is an action by a multiemployer pension plan and its Trustees to collect delinquent employer contributions and related amounts pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

2. The Plaintiffs provide retirement and related benefits to eligible participants and their beneficiaries. (Declaration of Tearyn Parroff ("Parroff Dec."), ¶ 4.)

3. At all relevant times, Defendant has been a party to a collective bargaining agreement with Service Employees International Union Local 1 which obligates Defendant to contribute to Plaintiffs on behalf of covered employees $.10 per hour for the period September 2002 through December 2004 (Parroff Dec ¶ 5.)  Plaintiffs filed this suit because, as described more fully in paragraph 10 below, Defendant failed to satisfy its obligation to Plaintiffs. (*See* Parroff Dec. ¶¶ 7-8.)

**Proceedings in this Court**

4. On July 6, 2005, Plaintiffs filed their Complaint. (Docket Entry #1).

5. Defendant was served with a Summons and copy of the Complaint on July 20, 2005. (Docket Entry #2)

6. Under Fed. R. Civ. P. 12(a), the time for Defendant to answer or otherwise respond to the Complaint has expired.

7. Defendant has not filed or served an answer or other response to the Complaint, nor has it appeared in this action. (Washington Dec., ¶¶ 5-6).  Accordingly, Plaintiffs are entitled to judgment by default under Fed. R. Civ. P. 55(b)(2).

**Damages**

8. Based on Plaintiffs' records, Defendant owes Plaintiffs contributions in the amount of $2339.96. (Parroff Dec., ¶¶ 7-8).

9. In accordance with 29 U.S.C. §§ 1132(g)(2)(B)-(C), Plaintiffs are entitled to interest in the amount of $412.73 and liquidated damages in the amount of $532.26 (Parroff Dec., ¶8).

10. Plaintiffs have incurred costs of $345.00 in connection with its prosecution of this case. (Washington Dec., ¶7).  Defendant is obligated to reimburse Plaintiffs for these fees and costs.

(Parroff Dec., ¶ 6)  *See also*  29 U.S.C. § 1132(g)(2)(D) ("the court shall award the plan … reasonable attorney's fees and costs of the action, to be paid by the defendant").

## Conclusion

For the foregoing reasons, the Motion for Judgment by Default should be granted and the Court should award Plaintiffs judgment against Defendant in the amount of $3,629.95.

Respectfully submitted,

/s/ Eunice H. Washington
Eunice H. Washington
DC Bar No. 438477
SEIU Benefit Funds Legal Department
1313 L Street, N.W.
Washington, D.C.  20005
202) 626-1440
Attorney for Plaintiffs

Dated: September 23, 2005