UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND *et al.*, | : : : : | |
| Plaintiffs | : : | Civil Action No.:     05-1349 (RMU) |
| v. | : : | Document No.:     3 |
| DANMARK SECURITY, L.L.C., | : : : | |
| Defendant. | : | |

# MEMORANDUM ORDER

### DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the court is the plaintiffs' motion for judgment by default. The plaintiffs bring this action seeking pension fund contributions that it claims are owed by the defendant. After the time for answering the complaint passed, the plaintiffs filed a motion for entry of judgment by default. Because the plaintiffs failed to first seek the entry of default prior to seeking a default judgment, the court denies without prejudice the plaintiffs' motion for judgment by default.

A.     Legal Standard for Entry of Default Judgment

Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment. FED. R. CIV. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also* 10A FED. PRAC. & PROC. CIV.3d § 2682 (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. FED. R. CIV.

P. 55(a). Second, following the clerk's entry of default, and where the plaintiff's claim is not for a sum certain,[1] the plaintiff may apply to the court for entry of default judgment. *Id.* 55(b)(2). By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment. FED. R. CIV. P. 55(b), (c); *see also Meehan,* 652 F.2d at 276 (noting that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside").

    B.    **The Court Denies the Plaintiffs' Motion for Entry of Default Judgment**

In this case, by filing their motion for default judgment without first requesting default, the plaintiffs have proceeded to step two of the default judgment process without completing step one. FED. R. CIV. P. 55. Because "entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course," the court denies the plaintiffs' motion without prejudice. *Meehan*, 652 F.2d at 276 n.5.

For the reasons set forth above, it is this 19th day of December, 2005, hereby

**ORDERED** that the plaintiffs' motion for judgment of default is **DENIED without prejudice**.

**SO ORDERED**.

                                        RICARDO M. URBINA
                                        United States District Judge

---

[1] Rule 55(b)(1) provides that "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount[.]"