STATEMENT OF POLICY FOR
COLLECTION OF DELINQUENT CONTRIBUTIONS
(Revised July 10, 1997)

      The Board of Trustees of the Service Employees International Union National Industry Pension Fund ("Fund") hereby adopts the following policy for the collection of delinquent contributions.

SECTION 1
General Policy

      It is the policy of the Fund to make such diligent and systematic efforts as are appropriate under the circumstances to collect all employer contributions when they are due.

      The Trustees have the legal right to exercise all remedies allowable under the Trust Agreement and under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), including but not limited to:

      1.      The right to establish a date on which contributions are due and the format in which remittance reports supporting such contributions must be made, provided that such date and format requirements are not inconsistent with the terms of the collective bargaining agreement:

      2.      The right to conduct a review of the payroll records of all employees of the employers required to contribute to the Fund including, but not limited to, payroll ledgers, federal and state tax returns, IRS Form 941 and such other books and records of the employers that are necessary in order for the auditor to give an unqualified opinion that the proper contributions have been made;

      3.      The right to establish an audit or payroll review program;

      4.      The right to require that the delinquent employer pay the cost of an audit or payroll review, interest, attorneys' fees, and any other expenses incurred by the Fund in determining the amount of a delinquency and in collecting the delinquency;

      5.      The right to recover liquidated damages;

      6.      The right to require a bond or a cash deposit as security for prompt future payments due from an employer that has been habitually delinquent in its contributions to the Fund; and

      7.      The right to take all other steps and to perform all other acts that are necessary in order to collect contributions due to the Fund in a timely and expeditious manner.
      The procedures set forth herein shall be followed unless the Board of Trustees determines that they should be waived in a particular instance.

SECTION 2
Collection Procedure

      In accordance with the Trust Agreement, ERISA, and the above declaration policy, the following procedures shall be required of all contributing employers and the steps set out below shall be taken by the Executive Director to effectuate the collection of delinquent contributions.

      1.      Contributions and supporting remittance report(s) are due on the date the employer's collective bargaining agreement requires payment.  If the collective bargaining agreement does not state a due date, payment is due by the 15th day of the month following the month in which the work was performed for which the contributions are owed.  Initial contributions and supporting remittance reports for employers who are newly subject to collective

bargaining agreements (*i.e.*, for all months necessary to bring the employee group current) are due no later than the 15th day of the month following the month in which the collective bargaining agreement was executed by the bargaining parties.  Retroactive contributions made on behalf of probationary employees shall be considered timely made if paid by the 15th of the month following the month in which the relevant probationary period expired.

   2. Contributions shall not be regarded as having been made timely unless accompanied by a completed remittance report form (or forms) supplied by the Fund supporting such contributions.  The Executive Director may approve the submission of reports in other forms, including on magnetic media, if he determines that providing reports in such form will not cause additional burden or expense to the Fund.

   3. If the contributions and the remittance report are not received by the last day of the month in which they were due, the Fund's Executive Director shall send a notice of delinquency to the employer requesting immediate payment of the delinquent contributions plus interest thereon at the rate prescribed by Section 5 of this policy.  The notice shall demand immediate payment of all delinquent contributions and inform the delinquent employer that, unless the full amount due is received in the Fund's offices by the 15th day of the current month, the matter will be referred to the Fund's legal counsel for collection.  The notice shall further advise the Employer that contributions and supporting remittance report(s) must be received by that date if it wishes to avoid the imposition of liquidated damages.

   4. If contributions and supporting remittance report(s) are not received by the end of the month in which they are due, the Employer shall, in addition to the underlying delinquent contributions owed, be obligated to pay to the Fund interest at the rate prescribed by Section 5 of this Policy.   If contributions and supporting remittance report(s) are not received by the 15th day of the month following the month in which contributions are due, liquidated damages in the amount of 5% of the amount owed, with a minimum of $50 and a maximum of $800 for each month's delinquency, shall also be due from the employer.  Notwithstanding the foregoing, interest calculated to be less than one dollar ($1.00) shall not be charged.

   5. If the contributions and remittance report(s) are not received by the fifteenth day of the month following that in which the contributions were due, the delinquency shall be referred to legal counsel, with copies of notices sent to the Employer.  The Executive Director also shall refer to counsel, the cases of employers who have accrued balances of unpaid interest or liquidated damages that equal or exceed $1,000.

   6. Legal counsel shall follow the procedures set out in Section 3 of these Rules.

   7. If an employer believes it has overpaid contributions, the employer shall bring the matter to the attention of the Board of Trustees.  If the Trustees determine that the employer overpaid its contributions for a period of not more than three (3) months, and that such overpayment was due to mistakes of law or fact, the Trustees shall, not later than six (6) months after they determine the contributions were made pursuant to such mistake, give the employer a credit for the amount of such overpayment.  If the employer is not a participating employer at the time the request is made, a refund may be made to the employer.  The Trustees hereby delegate to the Executive Director the authority to make the foregoing determination on their behalf.  The Executive Director shall refer to the Delinquency Committee described in Section 3, Paragraph 9, any requests for credit or refund for overpayment occurring during a period of more than three (3) month's duration.  The Delinquency Committee may, in its sole discretion, authorize credits or refunds for overpayments for periods of time longer than three (3) months, but such credits or refunds for overpayments shall be issued only in a manner consistent with ERISA section 403(c)(2) and Internal Revenue Code section 401(a)(2).  No interest shall be due to any employer on any overpayment.

   8. Any unpaid interest or liquidated damages shall be billed to the employer on the monthly delinquency letters or pre-printed remittance forms generated each month.  The Executive Director may suspend collection procedures for liquidated damages and interest when extenuating circumstances are present, however, the Executive Director shall prepare a report to the Trustees of all such actions for their consideration at their next scheduled meeting.  The Trustees may, at that time, waive such charges or direct that collection proceedings be reinstated.

## SECTION 3
## Legal Action and Settlement

     1.    When a delinquency matter is turned over to the Fund's legal counsel for collection, legal counsel shall send a letter to the employer demanding the required remittance report, payment of the delinquent contributions and advising the employer of his liability for interest, liquidated damages and costs.

     2.    In the event an employer fails to pay the delinquent contributions and submit the remittance report(s) within twenty (20) days after legal counsel's demand for payment, legal counsel shall initiate legal action for any delinquency in excess of $500.00, unless legal counsel recommends a different course of action based upon pertinent factors which shall include, but are not limited to the following:

         a.    the financial condition of the employer,

         b.    the probability of collecting a judgement once it is obtained,

         c.    the employer's past performance as a contributing employer,

         d.    the amount of the delinquency,

         e.    the length of time the delinquent amount has been owed,

         f.    the likelihood that the costs of the suit will exceed the recovery; and

         g.    any other factor that, in the discretion of the legal counsel, may have a material bearing on the collection of the delinquent contributions.

     Any recommendation by legal counsel against initiating suit to collect delinquent contributions shall be submitted to the Board of Trustees. A lawsuit shall not be commenced pending action of the Trustees on such recommendation. The Board of Trustees reserves the right to reject a recommendation by legal counsel and to authorize the commencement of a suit.

     3.    Legal counsel is authorized to enter into settlement negotiations with delinquent employers. Without further approval of the Board of Trustees, legal counsel is authorized to settle claims against delinquent employers in instances where the delinquent employer promises immediate payment of the delinquent contributions owed, interest thereon, attorney's fees and costs. Any proposed settlement which waives or compromises those amounts must be approved by the Board of Trustees. It shall be the responsibility of Fund Counsel to advise the Fund whether, and when, to reinstate any previously waived charges.

     4.    Legal counsel has the authority to reject any proposal for settlement that contemplates payment of amounts due over a period of time or if its acceptance would result in collection of less than the total amount owed. Such rejection shall be subject to the Board of Trustee's subsequent review.

     5.    Any settlement may postpone the collection of interest, liquidated damages, or attorney's fees until a subsequent delinquency by the same employer, if the collection of such amounts would involve unwarranted expense or risk to the Fund. Such a written settlement providing for nonpayment of interest, late payment penalty, liquidated damages, costs or attorneys' fees may contain a reservation to the Trustees of the right to collect such amounts in the event the employer again becomes delinquent in paying contributions during a period not to exceed three (3) years after the settlement is consummated.

     6.    The Board of Trustees reserves the right to accept or reject an employer's proposal to pay delinquent contributions, interest, liquidated damages, and attorneys' fees over a period of time and to compromise any claim or delinquent account as recommended by legal counsel; provided however, that any such decision to extend the time for payment, or to compromise the amount owing, complies with Prohibited Transaction Exemption 76-1 promulgated by the United States Department of Labor.

7. Settlements calling for payments over time or compromising the amount owed, including interest, liquidated damages, attorneys' fees, or costs, must be in writing and signed on behalf of the Fund and the employer.

8. Notwithstanding the procedures set out in this policy, the Board of Trustees or Executive Director may refer any delinquent account to legal counsel at an earlier or later date than provided for herein where circumstances warrant that the collection action be expedited or delayed.

9. The Trustees may, from time to time, appoint a Committee of at least one (1) Employer and one (1) Union Trustee to act on behalf of the Board of Trustees, as provided for under this policy.

## SECTION 4
## Payroll Review Procedure

1. The Board of Trustees shall randomly select such number of participating employers each year for payroll reviews as it deems from time to time to be appropriate. The Board of Trustees may, at its discretion, delegate the task of selecting which employers shall be reviewed pursuant to this policy to the Executive Director. The Board of Trustees, in the exercise of their discretion, may also choose for a payroll review an employer who was not randomly selected.

2. The Executive Director shall ensure that all audit/payroll review activities are coordinated with those of any other employee benefit Plan(s) covering the employees of the selected employer. In each case of a joint audit/review, the Fund Administrator shall enter into an agreement (or agreements) with the other Plan (or Plans) for an equitable allocation of the costs of such audit/review. The Executive Director is authorized to enter into any cost sharing agreement with respect to preliminary payroll reviews (in which testing for discrepancies is involved) in which costs are shared equally. The Executive Director is authorized to enter into any cost sharing agreement with respect to detailed payroll reviews (in which data on a per participant basis is generated) pro-rata in the same proportions as the discovered delinquencies of, or underpayments to, the respective Plans bear to one another. Cost sharing agreements on any other basis must be approved by the Trustees or committee appointed under Section 3, paragraph 9.

3. The period covered by the payroll review shall be not less than one (1) year.

4. The right of the Fund to conduct a review of an employer's records shall survive the termination of an employer's collective bargaining agreement, any other written agreement under which the employer is contributing to the Fund, or any bankruptcy filing.

5. The Executive Director or auditor shall forward a letter to the employer advising it of the impending review citing the Trustee's authority to conduct the review.

6. The auditor shall schedule the payroll review with the employer, who shall make available to the auditor all books and records which the auditor determines are required. Upon request, the employer shall forward the pertinent records to the auditor or make the records available to the auditor for inspection at a location in the Washington, D.C. metropolitan area. Upon approval of the Trustees, Executive Director, or the committee appointed under Section 3, Paragraph 9, the auditor may expand the scope of the payroll review to cover a longer period of time.

7. Where a payroll review of an employer is conducted and the payroll review discloses an underpayment, a letter shall be sent to the employer advising of the underpayment and requesting the employer to make payment of the underpayment, liquidated damages, interest, accounting fees and attorneys' fees within ten (10) days of the date of its receipt of the letter.

8. After the expiration of the ten (10) day period, a second letter shall be sent to the employer demanding that the underpayment be remitted immediately. If payment is not received within ten (10) days of the

date of such letter, the Fund Office will turn the matter over to Fund Counsel who will then send a final third letter.  If payment is not received following the third request, legal counsel shall file suit against the employer.

       9.       In the event an employer refuses to permit a payroll review upon request by the Trustees or if the employer refuses the Fund auditor access to pertinent records, the Fund auditor shall refer the matter to legal counsel.

       10.       Legal counsel shall thereafter demand that the employer make available such books and records as are necessary for the Fund auditor to conduct the payroll review.  If, within a reasonable period of time not to exceed 60 days, the records are not forwarded to the auditor or made available at a Washington, D.C. Metropolitan area location or at such other location as the Trustees may agree to, the employer shall be liable for any attorneys' fees and costs incurred by the Fund in enforcing the Fund's right to review the employer's records.  If necessary, upon approval of the Trustees or Executive Director, counsel shall institute legal action to enforce the Trustees' right to conduct a payroll review and the employer shall be assessed all costs and attorney's fees incurred as a result of the employer's refusal to permit the payroll review or refusal to make available all pertinent records.

       11.       The cost of the review/audit, in addition to any other applicable penalties and costs, shall be payable by the employer whenever a review of an employer's record discloses an underpayment or overpayment of contributions or underreporting or overreporting of hours required by the employer's collective bargaining agreement during any consecutive twelve month period or portion thereof of an amount equal to or greater than:

       (a)       in the case of an employer that contributed (or should have contributed) $50,000 or more in any contract year, 5% of the employer's total contributions for such period,

or

       (b)       in the case of an employer that contributed (or should have contributed) $10,000 or more but less than $50,000 in any contract year, the lesser of

       (1)       7% of the employer's total contributions for such period; or

       (2)       $2,500

or

       (c)       in the case of an employer that annually contributed (or should have contributed) less than $10,000, the lesser of

       (1)       10% of the employer's total contributions for such period; or

or

       (2)       $1,000;

For purposes of determining the thresholds under this paragraph, net monthly overpayments of contributions shall not be applied to reduce any net monthly underpayments of contributions and any net monthly overreporting of hours shall not be applied to reduce any net monthly underreporting of hours.

       12.       Employers will be billed for net amounts owed in excess of $50.00 unless the discrepancies are of such a magnitude that a testing fee would be imposed.  In that case, a billing would be sent although the net of the principal and the improper payments would be less than $50.00.  Billings will be calculated as follows:

       a.       Principal:  This will be the total of the amount owed for all months showing a net underpayment during the audit period.  Each monthly amount due will be net of overpayments.

PLUS

    b.    Interest: Calculated monthly at 10% per annum. Interest will be calculated for amounts owed each month and not for months with a net improper payment (overpayment).

PLUS

    c.    Liquidated Damages:    Calculated at 5% of the total principal amount

PLUS

    d.    Testing Fee: The principal amount will be used as the measurement to determine if the employer will be responsible for a testing fee as described in paragraph 11 above. The testing fee will include the auditor's time and expenses in performing the payroll review.

LESS

    e.    Improper Payments: Any months that reveal a net overpayment will not be considered in the calculation of liquidated damages, interest and testing fees but the total overpayment amount will be used as a line item on the billing to reduce the total billing amount.

13.    The Board of Trustees shall authorize the Executive Director to make decisions regarding the collection of audit billings following the advice of legal counsel. In such cases where legal counsel has advised that the cost of further collection efforts for unsubstantial amounts would not be financially prudent to pursue, the Executive Director may then instruct that no further collection efforts are to be made.

### SECTION 5
### Interest, Liquidated Damages, Attorneys' Fees and Costs

1.    Interest owed by a delinquent employer shall be calculated from the due date for the delinquent contributions at the rate of ten percent (10%) per annum.

2.    In the event a lawsuit or other legal action is filed pursuant to Section 3, and notwithstanding the provisions of Section 2, paragraph 4 and Section 4, paragraph 12(c), liquidated damages shall be calculated from the due date, and shall become due and owing if a lawsuit is filed pursuant to Section 3. The amount of the liquidated damages shall be greater of:

    a.    The interest on the delinquent contributions determined in accordance with paragraph 1 above;

or

    b.    20% of the delinquent contributions.

3.    Attorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Fund for such services, for all time spent by legal counsel in collection efforts pursuant to Section 3 hereof or in enforcing the Board of Trustees' rights to payroll reviews pursuant to Section 4 hereof.

4.    All costs actually incurred in court actions for collection of delinquent contributions to enforce the Trustees' right to conduct a payroll review of the employer's records shall be assessed against the delinquent employer, including, but not limited to, filing fees, fees for service of process, copying charges, postage, and such other costs as would otherwise be charged to the Fund.

     5.    The obligations to pay interest, liquidated damages and fees chargeable under this policy are contractual in nature and independent of the provisions of ERISA Section 502(g). In consideration for permitting its participation, or continued participation, in the Fund, each contributing employer agrees to be obligated to pay all interest, liquidated damages, fees, and costs chargeable pursuant to this policy.

## SECTION 6
### Reports and Records

     1.    Legal counsel and the Executive Director shall each prepare a delinquency report to be presented at each Board of Trustees meeting. The report shall show all employers that are delinquent. The determination of the Board with respect to action on such Contributions, and the specific bases therefor, shall be recorded in the minutes.

     2.    The Executive Director shall maintain a file of currently effective collective bargaining agreements and other agreements detailing the basis upon which employers are obligated to make Contributions to the Fund.

## SECTION 7
### Effective Date

     1.    The revisions to this Policy, which originally was adopted May 1, 1994, shall be effective July 1, 1997.

     2.    No interest or liquidated damages in addition to that which was previously provided for under the collection policies of the SEIU National Industry Pension Plan or the Building Service Employees Pension Plan shall be charged with respect to delinquencies that were referred to Counsel prior to May 1, 1994.