UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, | : : : : | | |
| Plaintiff, | : : | Civil Action No.: | 05-1349 (RMU) |
| v. | : : | Document No.: | 9 |
| DENMARK SECURITY, L.L.C., | : : : | | |
| Defendant. | : | | |

## MEMORANDUM ORDER

### GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### I.  INTRODUCTION

This case comes before the court on the plaintiff's motion for default judgment.  The plaintiff is a multi-employer benefit plan within the meaning of within the meaning of 29 U.S.C. § 1002(37), (2) and (3).  Pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), the plaintiff seeks to recover delinquent funds due under a collective bargaining agreement.  The plaintiff also alleges that the defendant failed to timely remit required pension fund contributions and remittance reports.

The plaintiff served the defendant with the complaint on July 20, 2005.  The defendant failed to respond, and the Clerk of the Court entered default against the defendant on December 23, 2005.  On April 27, 2006, the plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

On May 12, 2006, the court ordered the defendant to show cause by May 19, 2006 as to why the court should not enter default judgment against it. The defendant failed to respond to the court's show cause order.

## II.  ANALYSIS

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id*. at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*,

1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

The complaint set forth a *prima facie* case for relief. Because the defendant has not responded to the complaint, motion for default judgment or the show cause order, the court concludes that the defendant has failed to defend its case. *Keegel*, 627 F.2d at 375 n.5. Accordingly, the court enters default judgment in favor of the plaintiff. *Id*.

Turning to the issue of damages, the plaintiff has produced declarations from Eunice Washington, counsel of record for the plaintiff, and John Sahm, a collections manager for plaintiff Service International Union National Industry Pension Fund. Pls.' Mot, Exs. 1 & 2. Sahm's affidavit establishes that the defendant owes the fund $2,651.95 in delinquent

3

contributions, $570.14 in interest, and $673.71 in liquidated damages. Pls.' Mot., Ex. 2 ¶¶ 7-8. In addition, the plaintiff has incurred costs totaling $345.00. Pls' Mot., Ex. 1 ¶ 7.

The court has no contrary information regarding the amount or availability of the requested damages. Because the evidence supports the plaintiff's claims for damages, expenses and costs, the court concludes that the damages, expenses and costs specified in the plaintiff's motion for default judgment are warranted. *Transatlantic Marine*, 109 F.3d at 111. The plaintiff also requests attorneys' fees, but has not set forth a declaration identifying the attorneys' fees incurred in the prosecution of this litigation. Because damages must be determined with reasonable certainty, the court will not award undisclosed future attorneys' fees at this time, but will do so upon affidavit of the plaintiff. *Alcantara*, 183 F.3d at 155.

Finally, the plaintiff requests remittance reports for January 2002 through the present setting forth all compensable hours of all employees covered by the collective bargaining agreements.[1] Pursuant to 29 U.S.C. § 1132(g)(2)(E), the court may award equitable relief. The plaintiff's request appears reasonable.

Accordingly, it is this 22nd day of May, 2006,

**ORDERED** that the plaintiff's motion for default judgment is **GRANTED**. A judgment consistent with this memorandum order is separately and contemporaneously issued.

**SO ORDERED**.

RICARDO M. URBINA<br>
United States District Judge

---

[1] Specifically, the plaintiff requests separate reports for each month.