UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1349 (RMU) |
| DANMARK SECURITY, L.L.C. | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND

Comes now Service Employees International Union National Industry Pension Fund and the Board of the Trustees of the SEIU Fund (hereinafter the "Plaintiffs"), and submit this memorandum of law in support of the Plaintiffs' simultaneously filed Motion to Amend.

On May 22, 2006, this Court entered a second Memorandum Order (Doc. 10)[1] and Judgment (Doc. 11) in favor of the Plaintiffs. In those documents, the Court spelled the Defendant's name "Denmark Security, L.L.C." (Docs. 10, 11). The Plaintiffs respectfully request that both the second Memorandum Order (Doc. 10) and Judgment (Doc. 11) be amended to reflect the actual spelling the Defendant's name as "Danmark Security, L.L.C." The Court has authority to grant the Plaintiffs' motion pursuant to Fed. R. Civ. P. 60. That rule states in relevant part:

---

[1] The citation to "Doc.___" indicates the docket number of the document immediately preceding the citation as assigned in the docket posted on this Court's ECF page.

1

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a) (2007).

The Court of Appeals for the D.C. Circuit has recognized that incorrectly or inaccurately stated party names contained in judgments may constitute clerical mistakes subject to amendment pursuant to Fed. R. Civ. P. 60.[2]  Other federal courts have recognized the same principle.  In *Fluoro Electric Corporation v. Branford Associates*, the Court of Appeals for the Second Circuit affirmed "[t]he order of the district court, granting the plaintiff's motion under Rule 60 to substitute 'Branford Associates' for 'Branford Associates, a corporation,' as the named defendant in the action..." *Fluoro Elec. Corp. v. Branford Associates*, 489 F.2d 320, 326 (2d. Cir. 1973).  The District Court for the Eastern District of Virginia recognized the same principle when it stated:

> The Court has entered an order, pursuant to Rule 60, Federal Rules of Civil Procedure, correcting the name of the judgment debtor in Silas so as to read Paroh Steamship Corporation, rather than Paroh Steamship Company. The process was received by Paroh Steamship Corporation at the address of its place business. It is clear that this is a mere clerical error or misnomer which should be corrected.

*Silas v. Paroh S. S. Co.*, 175 F.Supp. 35, 38-39 (E.D. Va. 1958) (judgment vacated on other grounds).  As did the District Court for the Eastern District of Kentucky when it

---

[2] Pursuant to Fed. R. Civ. P. 60, the Court of Appeals for the D.C. Circuit has addressed the issue of amending judgments that contain an incorrect or inaccurate party name in the context of a divorce case.  In *Tillman v. Tillman*, the Court of Appeals stated: "When one of the parties to a divorce action dies after judgment has been rendered, a clerical mistake in the judgment arising from oversight or omission may be corrected by the court at any time, as Rule 60 provides; but the mistake must be apparent on the record, for otherwise it would be necessary to hear extraneous evidence to demonstrate the actuality of a clerical mistake.  Such evidence cannot be introduced on behalf of a dead plaintiff who has not been replaced by another party." *Tillman v. Tillman*, 172 F.2d 270, 274 (D.C. Cir. 1948).  The Court of Appeals did not condition amendment to a judgment on the death of one of the parties as is evident by the last sentence of the above quoted excerpt.  The Court of Appeals implicitly requires that the non-movant have the opportunity to respond where extraneous evidence was required to demonstrate that a clerical mistake appeared in the judgment.

held "Rule 60(a), Federal Rules of Civil Procedure, authorizes correction *at any time* of clerical mistakes in judgments or other parts of the record and errors therein arising from oversight or omission." *Anderson v. Brady*, 6 F.R.D. 587 (E.D. Ky. 1947).

The synthesized rule from these cases is that where a party's name is inaccurately or incorrectly stated in the final judgment the court will freely grant a party's motion to amend and correct such a clerical mistake pursuant to Fed. R. Civ. P. 60 where:

1)  the clerical mistake is evident from the record (i.e., no extraneous evidence is required to demonstrate that the party's name has been inaccurately or incorrectly stated in the judgment). *Tillman v. Tillman*, 172 F.2d 270, 274 (D.C. Cir. 1948); and

2)  process was actually served upon the party whose name has been inaccurately or incorrectly stated in the judgment. *Silas v. Paroh S. S. Co.*, 175 F.Supp. 35, 38-39 (E.D. Va. 1958) (judgment vacated on other grounds); *Anderson v. Brady*, 6 F.R.D. 587 (E.D. Ky. 1947).

The Plaintiffs' motion is due to be granted because both of the elements of the above-stated synthesized rule have been satisfied. First, it is evident from the record that the spelling of the defendant's name as "Denmark" in the second Memorandum Order (Doc. 10) and Judgment (Doc. 11) was a clerical mistake. Excluding the second Memorandum Order (Doc. 10) and Judgment (Doc. 11), the documents in the case file held by the Clerk of Court have consistently referred to the defendant as "Danmark" rather than "Denmark." In the Complaint (Doc. 1), the defendant is consistently referred to as "Danmark." (Doc. 1 at 1-3). The Verified Return of Service also consistently refers to the defendant as "Danmark." (Doc. 2). Finally, the Court even referred to the defendant as "Danmark" in its initial Memorandum Order denying the Plaintiffs' first motion for entry of default judgment. (Doc. 5 at 1). These documents contained in the case file held by the Clerk of Court consistently refer to the defendant as "Danmark"

3

rather than "Denmark." Because these documents are contained in the record, there is no need to introduce extraneous evidence to demonstrate that the spelling of the Defendant's name as "Denmark" in the second Memorandum Order (Doc. 10) and Judgment (Doc. 11) was a clerical mistake. *Tillman*, 172 F.2d at 274.

Second, process was actually served upon Danmark. The Verified Return of Service (Doc. 2) and the Certificate of Service (Doc. 4) attached to the Plaintiffs' initial Motion for Entry of Default Judgment constitute uncontested evidence that the Defendant was served with both the Complaint and the Plaintiffs' Motion for Entry of Default Judgment. Both indicate that each was served on Dan Petronijevic (agent of Danmark) at Danmark's Chicago address. This uncontested evidence supports a finding that process was actually served on Danmark. *Silas*, 175 F.Supp. at 38-39; *Anderson*, 6 F.R.D. at 587 (E.D. Ky. 1947).

## **CONCLUSION**

Based on the aforementioned, the Plaintiffs respectfully move this court to amend its second Memorandum Order (Doc. 10) and Judgment (Doc. 11) to reflect the accurate and correct spelling of the defendant's name "Danmark Security, L.L.C." The Plaintiffs have attached a proposed order that contains the sought corrections.

                                                             Respectfully submitted,

                                                             _____/s/_____
                                                             Richard C. Welch (Bar # 485756)
                                                             Mooney, Green, Baker & Saindon, P.C.
                                                             1920 L Street, N.W., Suite 400
                                                             Washington, D.C. 20036
                                                             Telephone: (202) 783-0010
                                                             Fax: (202) 783-6088

Dated: January 25, 2008                                Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Memorandum of Law in Support of the Plaintiffs' Motion to Amend Memorandum Order and Judgment and this Certificate of Service was mailed this 25th day of January 2008 by certified mail, postage pre-paid, return receipt requested, on Defendant's registered agent:

Dan Petronijevic
Danmark Security, L.L.C.
120 W. Madison Street, Suite 618
Chicago, IL 60602


_____/s/_____
Richard C. Welch (Bar # 485756)
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 783-0010
Fax: (202) 783-6088

Counsel for Plaintiffs